**MANDATE**

04-CV-3692
ROBINSON

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 23rd day of May, two thousand and six.

PRESENT:

> HON. RICHARD J. CARDAMONE,
> HON. GUIDO CALABRESI,
> HON. ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

VINCENT FORRAS,

  *Plaintiff-Appellee,*

  v.                                   No. 05-5862-cv, 05-6091-cv,
                                       05-6083-cv, 05-6094-cv,
                                       05-6092-cv, 05-6137-cv,
                                       05-6129-cv

KEVIN ANDROS, individually, JOSEPH POSADAS, individually, M.D. MARTIN SURKS, individually, PETER CIACCI, JR., individually, STEVEN ZELEM, KEITH BAUER, individually, PETER CIACCI, SR., individually,

  *Defendants-Cross-Defendants-Cross-Claimants-Appellants,*

PAUL BLACK, individually,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

Issued as Mandate: 11/22/06

*Defendant,*

THE SOUTH SALEM FIRE DEPARTMENT, INC. and
THE SOUTH SALEM FIRE DISTRICT,

    *Defendants-Cross-Defendants-Cross-Claimants.*

---

| | |
|---|---|
| For Plaintiff-Appellee: | MICHAEL H. SUSSMAN, Goshen, N.Y. |
| For Appellant Kevin Andros: | MITCHELL S. COHEN of Wechsler & Cohen, LLP (Debora A. Pitman, *on the brief*), New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Robinson, J.).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

---

On May 14, 2004, Plaintiff-Appellee Vincent Forras (hereinafter "Forras" or "Appellee"), a volunteer firefighter, filed suit under 42 U.S.C. § 1983 against several of his former colleagues and superiors — Kevin Andros, Joseph Posadas, M.D. Martin Surks, Peter Ciacci, Jr., Steven Zelem, Keith Bauer, Peter Ciacci, Sr., and Paul Black — and against the South Salem Fire Department, Inc. and the South Salem Fire District (collectively, "Appellants") for whom he had worked until March 4, 2003, when he was removed from the roster of the South Salem Fire Department, purportedly for failing to meet the Department's minimum participation requirements during the previous year. In his § 1983 action, Appellee sought compensatory and punitive damages for alleged violations of his

First Amendment rights. Before depositions had been taken and only shortly after discovery began, Appellants moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and for summary judgment under Federal Rule of Civil Procedure 56(b), principally on the ground that they were entitled to qualified immunity for their actions. The United States District Court for the Southern District of New York (Robinson, *J.*) denied Appellants' motions without prejudice, on the grounds that "very little discovery ha[d] been completed, issues of material fact remain[ed] in dispute, and many unanswered questions of intent remain[ed]." Accordingly, the District Court ordered discovery to proceed. Appellants subsequently filed an interlocutory appeal to us, seeking review of the District Court's denial of their motions. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

During the morning of September 11, 2001, Forras was dispatched to the World Trade Center to help with rescue and recovery efforts as a volunteer firefighter with the South Salem Fire Department. After working at "Ground Zero" for three straight weeks, Forras apparently suffered a number of adverse health effects, mainly respiratory, as a result of inhaling the dust and debris at the site. He was subsequently very outspoken about the illnesses endured by first responders, criticizing the poor equipment rescue workers received, expressing concern about the long-term health risks generated by sustained exposure to Ground Zero, and starting a nonprofit foundation dedicated to collecting firefighting equipment for redistribution to firemen in South America. Over the years since 2001, Forras's comments have been published by local and national media.

According to Forras, as a result of his public statements and the media attention he received, his fellow firefighters marginalized and retaliated against him. Forras alleges that his colleagues and

superiors insisted that he stop his public commentary, and cautioned that his position in the fire department might be compromised if he persisted. On or about April 22, 2002, he was placed on restricted duty (precluding his presence at emergency scenes), and, on March 4, 2003, he was removed from the Department's roster altogether. Forras contends that these actions were taken in retaliation for his public statements; the Department maintains that Forras's work was initially restricted because of his self-proclaimed health conditions and disability, and that he was later removed from the Department roster because he had not satisfied annual requirements for maintaining his status as an active firefighter. These circumstances ultimately led to the instant litigation.

In this interlocutory appeal of the District Court's denial of summary judgment, Appellants raise several arguments that they did not present before the District Court, *e.g.*, that Appellee's statements to the public did not address a "matter of public concern" and therefore could not give rise to a violation of his First Amendment rights. *See Connick v. Myers*, 461 U.S. 138, 146 (1983). Since these arguments were not raised below, we need not address them on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

As to those arguments that Appellants originally pressed to the District Court and now bring before us, we conclude that, at this stage in the litigation, we lack jurisdiction to review the District Court's denial of Appellants' motions. In *Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001), we stated that "where a district court denies an initial dispositive motion on qualified immunity grounds prior to discovery, the appealability of that ruling depends not on whether the motion was denied without prejudice to its renewal following discovery, but rather on whether the ruling turns on a question of

1  law." *Locurto*, 264 F.3d at 165. In *Locurto*, we read "the district court's opinion to reflect its belief
2  that this is a case in which a fact issue as to retaliatory motive precludes an award of summary
3  judgment." *Id.* at 167. And because the District Court had "found it impossible to conclude that
4  defendants' actions were objectively reasonable, given the murky factual record before the Court,"
5  we concluded that we lacked jurisdiction, on an interlocutory appeal, to undertake review of "the
6  live factual issue as to subjective retaliatory intent." *Id.* (internal quotation marks omitted). We
7  noted that such subjective retaliatory intent could, in the circumstances of the case and
8  notwithstanding all other issues, "still preclude a grant of summary judgment for defendants." *Id.*

9  Similarly, in the instant case, the District Court expressly found that "many unanswered
10 questions of intent remain." Accordingly, we conclude, as we did in *Locurto*, that we lack
11 jurisdiction, at this early stage of litigation, to consider Appellants' appeal.

12 Costs on appeal are awarded to Appellee.

13 We have considered all of Appellants' arguments and find them to be without merit.
14 Appellants' challenge to the District Court's denial of motions for a judgment on the pleadings and
15 for summary judgment is therefore DISMISSED.

16 For the Court,

17 ROSEANN B. MACKECHNIE,

18 Clerk of the Court

19 by: *Lucille Carr*

20

A TRUE COPY
Thomas Asreen, Acting Clerk

by *Jammy Martinez*
Deputy Clerk